**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**


**BARBARA ROMAN ,**                    )
                                       )
                   **Plaintiff,**      )
                                       )
**vs.**                                )
                                       )   **Case No.  CIV-05-0052-W**
**JO ANNE B. BARNHART,**               )
**Commissioner of the Social**         )
**Security Administration,**           )
                                       )
                   **Defendant.**      )


# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

On September 8, 1999 Plaintiff protectively filed her applications for DIB and SSI alleging a disability since June 1, 1999 (TR. 141, 142-144, 286, 287-290). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 94, 95, 291, 295).  Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on September 13, 2000 (TR. 33-60).  After an unfavorable decision, Plaintiff appealed and the Appeals Council remanded the claim back to the same ALJ (TR. 126-128) At the second hearing on August 27, 2003 the Plaintiff appeared in person and with her attorney and offered testimony in support of the

applications (TR. 64-89).  A vocational expert (VE) testified at the request of the ALJ (TR. 89-92). The

ALJ issued his decision on September 22, 2003 finding that Plaintiff was not entitled to DIB or SSI (TR.

21-28). The Appeals Council denied the Plaintiff's request for review on November 16, 2004, and thus,

the decision of the ALJ became the final decision of the Commissioner (TR. 6-9).

## STANDARD OF REVIEW

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-

801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial
> evidence. (citations omitted). Substantial evidence is "more than a mere
> scintilla. It means such relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion." (citations omitted). In evaluating the appeal,
> we neither reweigh the evidence nor substitute our judgment for that of the
> agency. (citations_omitted). We examine the record as a whole, including
> whatever in the record fairly detracts from the weight of the Secretary's decision
> and, on that basis, determine if the substantiality of the evidence test has been
> met. (citations omitted). If, however, the correct legal test in weighing the
> evidence has not been applied, these limitations do not apply, and such failure
> constitutes grounds for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found

only where there is a conspicuous absence of credible choices or no contrary medical evidence."

Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential

evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had

not engaged in substantial gainful activity since the alleged disability onset date, so the process

continued (TR. 27).   At step two, the ALJ concluded that the Plaintiff suffers from the severe

impairment of bilateral carpal tunnel syndrome (TR. 27).  At step three, the ALJ found that the Plaintiff

did not have an impairment or combination of impairments which meet or equal any impairment listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 27).  At step four, the ALJ found that Plaintiff lacked

the residual functional capacity RFC to perform her past relevant work (PRW) (TR. 27).

At the point that step five is reached, a disability preventing prior work activity has been shown

and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an

alternative work activity which exists in the national economy. Sorenson v. Bowen, 888 F.2d 706, 710

(10th Cir. 1989); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained

the RFC to perform a "significant range of light work" (TR. 28).  The ALJ applied the Medical-Vocational

Rules as a framework for decision-making and considered the testimony of the VE in determining there

were other jobs existing in significant numbers in the national economy which Plaintiff could perform.

Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act

and was therefore not entitled to DIB or SSI (TR. 28).

On appeal to this Court, Plaintiff alleges that the ALJ erred at step two of the sequential

evaluation process in determining that Plaintiff did not have a severe shoulder impairment; and further

erred in not providing the VE with a complete hypothetical question.

### Medical Evidence

June 1998 x-rays of Plaintiff's  left shoulder and  arm were normal (TR. 208).   A September

1998 MRI of Plaintiff's left shoulder showed no abnormalities, including rotator cuff tear or joint

effusion (TR. 228).

In October 1998 Plaintiff was examined by Juan R. Villazon, M.D. (neurologist), who reported

that Plaintiff's range of motion in her left shoulder was decreased due to pain in the mid lateral arm

just below the deltoid; and that there was antalgic weakness of the shoulder (TR. 217). Dr. Villazon

reported that he was uncertain as to the etiology of the shoulder pain (TR. 218).  In November 1998

Dr. Villazon reported that Plaintiff had shoulder pain which was triggered by abduction of the shoulder;

that she had focal tenderness and sensitivity to the light touch; and that she had limitation of shoulder

abduction and could not elevate her arm overhead (TR. 211). Dr. Villazon further reported that Plaintiff had not responded to focal injections of steroids and analgesics (TR. 211). He had no explanation for Plaintiff's focal pain in the lateral arm and recommended that she undergo a short course of physical therapy to prevent the development of capsulitis or frozen shoulder (TR. 211).

In August 1998 Plaintiff was examined by Robert J. Gunderson, D.O., who reported that Plaintiff had full range of motion with excellent strength in her left shoulder (TR. 230). In September 1998 Dr. Gunderson reported that Plaintiff had a positive impingement sign and that he believed Plaintiff had bursitis and possible supraspinatus tendonitis of her left shoulder (TR. 227). On November 24, 1998 Robert Gunderson, D.O., performed an anthroscopy of Plaintiff's left shoulder with subacromial decompression, irrigation and debridement of bursa and inspection of her rotator cuff (TR. 221-223). On December 2, 1998 Dr. Gunderson reported that Plaintiff was doing "ok" and had good range of motion of her shoulder (TR. 224).

In June 1999 Warren G. Low, M.D., diagnosed Plaintiff with chronic impingement syndrome of the left shoulder with osteoarthritis of the acromioclavicular joint (TR. 233). He performed a diagnostic arthroscopy of Plaintiff's left shoulder (TR. 233-235). In August 1999 Dr. Low reported that Plaintiff was doing well; that she had regained essentially a full range of motion; and that she felt she could stop going to outpatient physical therapy (Tr. 262). Dr. Low agreed with Plaintiff and discontinued her physical therapy (TR. 262). In October 1999 Dr. Low reported that Plaintiff had full range of motion of her left shoulder (TR. 261). In February 2000 Dr. Low opined, abeit in a worker's compensation context, that Plaintiff was temporarily totally disabled from the performance of her normal work activities due to carpal tunnel release and neurolysis and anterior shoulder pain (TR. 280).

In May 2003 Plaintiff was examined by Akram Abraham, M.D., who reported that Plaintiff had severe pain and limited range of motion of her left shoulder (TR. 303). In August 2003 Dr. Abraham assessed Plaintiff as having left shoulder pain (TR. 301).

A Physical RFC Assessment completed in October 1999 by an agency physician concluded that Plaintiff could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 251). The agency physician further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 251-254).

Plaintiff urges on appeal that the ALJ erred in finding at step two that Plaintiff did not have a severe shoulder impairment.   Step two of the Sequential Evaluation Process, is governed by the Secretary's "severity regulation."   Bowen v. Yuckert, 482 U.S. 137,140-41 (1987); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).  The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c).  Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities."  Williams, 844 F.2d at 751.  This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered.  Bowen, 482 U.S. at 153; Williams, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1520(b).  These abilities and aptitudes include the following:

> (1)     Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2)     Capacities for seeing, hearing, and speaking;
>
> (3)     Understanding, carrying out, and remembering simple instructions;
>
> (4)     Use of Judgment;

(5)     Responding appropriately to supervision, co-workers and usual work situations; and

(6)     Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is de minimis.  Williams, 844 F.2d at 751.  As the United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

Bowen, 482 U.S. at 153 (emphasis added).  The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.  Rather, it should be continued.

Social Security Ruling 85-28 (1985).  In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint."  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting Farris v. Secretary of HHS, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

The procedure for the evaluation of a mental or physical impairment is explained in 20 C.F.R. 1520a.  However, a claimant has the initial burden to establish the existence of an impairment.

> If you are not doing substantial gainful activity, we always look first at your physical or mental impairment(s) to determine whether you are disabled or blind.  Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.   A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508.  See also 20 C.F.R. § 404.1528 ("Symptoms are your own description of your physical or mental impairment.   Your statements alone are not enough to establish that there is a

physical or mental impairment.")(emphasis in original).

In light of the consistent and continuing medical evidence of Plaintiff's shoulder pain and her efforts, surgically and otherwise, to alleviate the pain discussed elsewhere in this opinion, it is apparent that the ALJ erred in finding at step two that Plaintiff's shoulder impairment was not severe.  The ALJ's finding at step two taints the balance of the sequential evaluation, therefore, Plaintiff's remaining assertion of error will not be addressed in the report and recommendation.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is **not** supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 17th  day of January, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE